## No. 11,447.

## EDMINSTER v. REYNOLDS.

· Decided February 15, 1926.

Action on promissory note.   Judgment for defendant.

## *Reversed.*

1. CONTRACT—*Written—Oral Modification.*   In an action on a promissory note, claim by defendant that a written contract for which the note was consideration, had been modified by oral agreement, was properly taken from the jury, where the contract stipulated that no such modification would be recognized.

2. BILLS AND NOTES—*Promissory Note—Directed Verdict.*   In an action on a promissory note, where the plaintiff's evidence shows without dispute that defendant had received part of the consideration and refused to receive the rest, the plaintiff's motion for a directed verdict should have been granted.

3. CONTRACT—*Money Back Agreement.*   In an action on a promissory note given for instruction by mail under contract, a so-called ''money back agreement'' is no defense to the suit, where by its terms it is not effective until the student completes the course, which is never done.

*Error to the County Court of the City and County of Denver, Hon. E. J. Ingram, Judge.*

Messrs. RICHARD & BARRY, for plaintiff in error.

Mr. JACOB L. SHERMAN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS case comes here on error to the county court to which it was taken by appeal from justice of the peace. The defendant had judgment.

The action was on a promissory note for $110 given to LaSalle Extension University, and assigned to plaintiff Edminster. The execution and assignment of the note was undisputed. The consideration was instruction by mail; the defendant claimed that his dealings were with one O'Connell; that O'Connell agreed to furnish him certain leather-covered books and to give him personal instruction in addition to the instruction by mail; that he had furnished him with no such books and had failed to give him personal instruction. It was also shown that the payee had given defendant some instruction by mail and had been ready and willing and had offered to give him more, but that he had refused to take it, and had furnished him some books, not leather bound, which he did not understand and could not get O'Connell to explain. There was a written contract signed by defendant in which it was stipulated that no verbal modifications or representations would be recognized, and the court rightly took all such claims from the jury; however, it left to them the question whether there had been a total failure of consideration for the note. The plaintiff had previously moved for a directed verdict, and the motion had been denied. The motion should have been granted and the question should not have been left to the jury, because the plaintiff's evidence showed without dispute that defendant had received part of the consideration and had refused to receive the rest.

There was a "money back agreement," so-called, referred to in the argument, but by its own terms it had no effect until the student had completed his course, which defendant never did.

Judgment reversed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.